1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                    **CENTRAL DISTRICT OF CALIFORNIA**
8

9   EDMUND SOTELO,                    )   Case No. CV 13-6039 FMO (MRWx)
                                      )
10                  Plaintiff,        )
                                      )
11       v.                           )   **SCHEDULING AND CASE MANAGEMENT**
                                      )   **ORDER RE:  JURY TRIAL**
12   CITY OF OXNARD, et al.,          )
                                      )
13                  Defendants.       )
                                      )
14   _____  )

15          **PLEASE READ THIS ORDER CAREFULLY.  IT GOVERNS THIS CASE AND DIFFERS**

16   **IN SOME RESPECTS FROM THE LOCAL RULES.**

17          **The term "Counsel," as used in this Order, includes parties appearing <u>pro se</u>.**

18          The court has scheduled the dates set forth on the last two pages of this Order after review

19   of the parties' Joint Rule 26(f) Report.  Therefore, the court deems a Scheduling Conference

20   unnecessary and hereby **vacates** the hearing.  The dates and requirements set forth in this Order

21   are firm.  The court is unlikely to grant continuances, even if stipulated by the parties, unless the

22   parties establish good cause through a proper showing.

23          In an effort to comply with Fed. R. Civ. P. 1's mandate "to secure the just, speedy, and

24   inexpensive determination of every action[,]" the court **orders** as follows.

25   I.     JOINDER OF PARTIES/AMENDMENT OF PLEADINGS.

26          Any stipulation or motion to amend as to any claims, defenses and/or parties shall be

27   lodged/filed by the deadline set forth in the attached schedule, failing which it shall be deemed that

28   the party has waived any such amendments.  All unserved parties not timely served shall be

dismissed without prejudice.  In addition, all "Doe" defendants are to be identified and named on or before the date set forth below, on which date all remaining "Doe" defendants will be dismissed, unless otherwise ordered by the court upon a showing of good cause.

II.     DISCOVERY.

A.      <u>Generally</u>.

Discovery is governed by the Federal Rules of Civil Procedure and applicable Local Rules of the court.  <u>Pro se</u> litigants are entitled to discovery to the same extent as are litigants represented by counsel.  The court allows discovery to commence as soon as the first answer or motion to dismiss is filed.  The parties should note that **discovery shall not be stayed** while any motion is pending, including any motion to dismiss and/or motion for protective order.  **The parties are directed to conduct any necessary discovery as soon as possible, as the court is not inclined to grant any extensions of the discovery or other case-related deadlines**.

Counsel are expected to comply with the Federal Rules of Civil Procedure and all Local Rules concerning discovery.  Whenever possible, the court expects counsel to resolve discovery disputes among themselves in a courteous, reasonable and professional manner.  The court expects that counsel will adhere strictly to the Civility and Professionalism Guidelines (which can be found on the court's website under Information for Attorneys>Attorney Admissions).

B.      <u>Discovery Cut-Off</u>.

The court has established a cut-off date for discovery, including expert discovery, if applicable.  This is not the date by which discovery requests must be served; it is the date by which all discovery, **including all hearings on any related motions**, is to be completed.

C.      <u>Discovery Motions</u>.

Any motion relating to a deposition and/or challenging the adequacy of discovery responses must be filed, served and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained and/or the deposition to be completed before the discovery cut-off if the motion is granted.  Given the requirements set forth in the Local Rules (<u>e.g.</u>, "meet and confer" and preparation of the Joint Stipulation), any party seeking to file a discovery motion must usually initiate meet and confer discussions at least seven (7) weeks before the discovery cut-off,

1    i.e., the moving party's counsel must initiate the meet and confer process by preparing and serving

2    the letter required by Local Rule 37-1.

3          D.    Expert Discovery.

4          All disclosures must be made in writing.  The parties should begin expert discovery shortly

5    after the initial designation of experts.  The final pretrial conference and trial dates will not be

6    continued because expert discovery is not completed.  Failure to comply with these or any other

7    orders concerning expert discovery may result in the expert being excluded as a witness.

8    III.   MOTION CUT-OFF.

9          The court has established a cut-off date for the filing and service of motions for the court's

10   law and motion calendar.  Counsel should consult the court's Standing Order, provided at the

11   commencement of this action, to determine the court's requirements concerning motions.  Counsel

12   also  may  consult  the  Central  District's  website  at  www.cacd.uscourts.gov>Judges'

13   Requirements>Judges' Procedures and Schedules>Hon. Fernando M. Olguin for further

14   information regarding motion procedures.

15   IV.   SETTLEMENT.

16         Pursuant to Local Rule 16-15, the parties must complete a settlement conference. **No case**

17   **will proceed to trial unless all parties, including the principals of all corporate parties, have**

18   **appeared personally at a settlement conference**.

19         If the case settles, counsel shall file a Notice of Settlement no later than 24 hours after the

20   case is settled, stating when they expect to file their dismissal papers.  Otherwise, **the parties**

21   **must, no later than 48 hours after the settlement proceeding is completed, file a Status**

22   **Report Re: Settlement**.  The Status Report shall not disclose the parties' settlement positions,

23   i.e., the terms of any offers or demands.  The Status Report shall describe the efforts made by the

24   parties to resolve the dispute, i.e., the occasions and dates when the parties participated in

25   mediation or settlement conferences.  The Status Report shall also include the name of the

26   Settlement Officer who assisted the parties with their settlement conference.

27

28

V.    TRIAL PREPARATION.

     A.    <u>Final Pretrial Conference</u>.

     Unless excused for good cause, each party appearing in this action shall be represented at the final pretrial conference by the attorney who is to serve as lead trial counsel.  Counsel must be prepared to discuss streamlining the trial, including presentation of testimony by deposition excerpts or summaries, time limits, stipulations as to undisputed facts and qualification of experts by admitted resumes.

     B.    <u>Pretrial Documents</u>.

     **Strict compliance with Local Rule 16 is required.  This Order sets forth some different and some additional requirements.  The court does not exempt <u>pro se</u> parties from the requirements of Local Rule 16**.  Carefully prepared memoranda of contentions of fact and law, witness lists, a joint exhibit list and a proposed pretrial conference order shall be submitted in accordance with the Local Rules, and the format of the proposed final pretrial conference order shall conform to the format set forth in Appendix A to the Local Rules.  Failure to comply with these requirements may result in the pretrial conference being taken off-calendar or continued, or in other sanctions.

     1.    **Generally:**  All pretrial document copies shall be delivered to the court "binder-ready" (three-hole punched on the left side, without blue-backs and stapled only in the top left corner).

     2.    **Schedule:**  The filing schedule for pretrial documents is as follows.

        a.    <u>At least 21 days before the final pretrial conference</u>:

          •    Memorandum of contentions of fact and law;

          •    Witness lists;

          •    Joint exhibit list;

          •    Motions in limine.

        b.    <u>At least 14 days before final pretrial conference</u>:

          •    Proposed pretrial conference order;

          •    Pretrial exhibit stipulation;

- Proposed jury instructions;
- Proposed verdict forms;
- Joint statement of the case;
- Proposed additional voir dire questions, if desired;
- Oppositions to motions in limine.

    c.    <u>At least seven (7) days before trial</u>:

- Trial briefs not to exceed 15 pages.

C.    <u>Motions In Limine</u>.

Each party is limited to five motions in limine, unless the court grants leave to file additional motions. Each motion should be separately filed and numbered sequentially. All motions and oppositions are limited to ten pages in length. All motions in limine must be filed at least 21 days before the final pretrial conference. Oppositions must be filed at least 14 days before the final pretrial conference. Unless otherwise ordered by the court, reply briefs are not allowed.

**Counsel shall conduct a good faith meet and confer in person no later than 28 days before the final pretrial conference in an effort to reach an agreement that would resolve the motion in limine**. All motions in limine must include a declaration setting forth in detail the parties' meet and confer efforts. The court will rule on motions in limine at the final pretrial conference. Motions in limine should address specific issues (<u>e.g.</u>, **not** "to exclude all hearsay"). Motions in limine should not be disguised motions for summary adjudication of issues.

D.    <u>Witness Lists</u>.

In addition to the requirements of Local Rule 16-5, the witness lists must include a brief description (one or two paragraphs) of the testimony and a time estimate for both direct and cross-examination (separately stated).

E.    <u>Proposed Pretrial Conference Order</u>.

In drafting the proposed pretrial conference order, the parties shall attempt to agree on and set forth as many non-contested facts as possible. The court will usually read the uncontested facts to the jury at the start of trial. A carefully drafted and comprehensively stated stipulation of facts will reduce the length of trial and increase jury understanding of the case.

1    F.    Pretrial Exhibit Stipulation.

2    **No later than 21 days before the final pretrial conference**, counsel shall conduct a good

3    faith meet and confer in person and prepare a Pretrial Exhibit Stipulation Re: Admission of

4    Evidence ("pretrial exhibit stipulation").  The pretrial exhibit stipulation shall contain each party's

5    numbered list of trial exhibits, with objections, if any, to each exhibit, including the basis of the

6    objection and the offering party's brief response.  All exhibits to which there is no objection shall

7    be deemed admitted.  The parties shall stipulate to the authenticity and foundation of exhibits

8    whenever possible, and the pretrial exhibit stipulation shall identify any exhibits to which

9    authenticity and/or foundation have not been stipulated and the specific reasons for the parties'

10   failure to stipulate.

11   The pretrial exhibit stipulation shall be substantially in the following form:

12   **Pretrial Exhibit Stipulation**

13   **Plaintiff(s)'/Defendant(s)' Exhibits**

14   **Exhibit No.   Description   If Objection, State Grounds    Response to Objection**

15

16   The pretrial exhibit stipulation shall be filed at the same time the parties lodge the proposed

17   pretrial conference order.  Failure to comply with this paragraph may be deemed a waiver of all

18   objections.  **Do not submit** blanket or boilerplate objections to the opposing  party's exhibits.

19   These will be disregarded and overruled.

20   G.    Joint Statement of the Case.

21   **At the time the proposed final pretrial conference order is lodged with the court**,

22   counsel shall file an objective, non-argumentative statement of the case, which the court shall read

23   to all prospective jurors at the beginning of voir dire.  The statement should not exceed one page.

24   H.    Jury Instructions and Special Verdict Forms.

25   1.    Pursuant to Local Rule 16-2, lead trial counsel for each party are required to

26   meet and confer in person.  The court expects strict compliance with Local Rule 16-2.

27   Fourteen (14) days before the Local Rule 16-2 meeting, the parties shall exchange their

28   respective proposed jury instructions and special verdict forms.  Ten (10) days prior to the

Local Rule 16-2 meeting, each party shall serve objections to the other party's instructions and verdict forms.  Before or at the Rule 16-2 meeting, counsel are ordered to meet and confer and attempt to come to agreement on the proposed jury instructions and verdict forms.

2. **No later than 14 days before the pretrial conference**, counsel shall submit both general and substantive jury instructions in the form described below.  Counsel must provide the documents described below in WordPerfect 9 (or above) or Word format.  When the Ninth Circuit's <u>Manual of Model Civil Jury Instructions</u> provides an applicable jury instruction, the parties should submit the most recent version, modified and supplemented to fit the circumstances of this case.  Where California law applies, counsel should use the current edition of the <u>Judicial Council of California Civil Jury Instructions</u> ("CACI").  If neither is applicable, counsel should consult the current edition of O'Malley, <u>et al.</u>, <u>Federal Jury Practice and Instructions</u>.  Each requested instruction shall:  (a) cite the authority or source of the instruction; (b) be set forth in full; (c) be on a separate page; (d) be numbered; (e) cover only one subject or principle of law; and (f) not repeat principles of law contained in any other requested instruction.

Counsel may submit alternatives to these instructions only if counsel has a reasoned argument that they do not properly state the law or they are incomplete.

3. **Joint Jury Instructions:**  Counsel shall file a **joint set of jury instructions** on which there is agreement.  All blanks in standard forms should be filled in.  The court expects counsel to agree on the substantial majority of jury instructions, particularly when pattern or model instructions provide a statement of applicable law.  If one party fails to comply with the provisions of this section, the other party must file a unilateral set of jury instructions.

4. **Disputed Jury Instructions:**  Counsel shall file those instructions propounded by a party to which another party objects.  On a separate page following each disputed jury instruction, the party opposing the instruction shall briefly state the basis for the objection, any authority in support thereof and, if applicable, an alternative instruction.  On the

following page, the party proposing the disputed instruction shall briefly state its response to the objection, and any authority in support of the instruction.  Each requested jury instruction shall be numbered and set forth in full on a separate page, citing the authority or source of the requested instruction.

5.     Jury instructions should be modified as necessary to fit the facts of the case, i.e., inserting names of defendant(s) or witness(es) to whom an instruction applies.  Where language appears in brackets in the model instruction, counsel shall select the appropriate text and eliminate the inapplicable bracketed text.

6.     Counsel must provide an index of all instructions submitted, which must include the following:

a.     the number of the instruction;

b.     the title of the instruction;

c.     the source of the instruction and any relevant case citations; and

d.     the page number of the instruction.

For example:

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
| 1 | Trademark-Defined (15 U.S.C. § 1127) | 9th Cir. 8.5.1 | 1 |

7.     **Copy of Instructions for Jury:**  One or more copies of the instructions will be given to the jury during deliberations.  Accordingly, counsel must submit to the chambers's e-mail box (fmo_chambers@cacd.uscourts.gov) a "clean" set of all instructions in WordPerfect 9 (or above) or Word format, containing only the text of each instruction, set forth in full on each page, with the caption "Instruction No. _____" (eliminating titles, supporting authority, indication of party proposing, etc.).  This will be referred to as the "Jury Copy" of the instructions.  A paper chambers copy must also be submitted one week before trial.

I.     Voir Dire.

1.     The court will conduct the voir dire.  The court provides a list of basic questions and may provide a list of additional questions to jurors before voir dire.  (This is not a questionnaire to be completed by jurors.)  Counsel may, but are not required to, file and submit (electronically to the chambers's e-mail box and in paper form) a list of proposed case-specific voir dire questions at the time they lodge the proposed final pretrial conference order.

2.     In most cases the court will conduct its initial voir dire of 14 prospective jurors who will be seated in the jury box.  Generally the court will select eight jurors.

3.     Each side will have three peremptory challenges.  If 14 jurors are seated in the box and all six peremptory challenges are exercised, the remaining eight jurors will constitute the jury panel.  If fewer than six peremptory challenges are exercised, the eight jurors in the lowest numbered seats will be the jury.  The court will not necessarily accept a stipulation to a challenge for cause.  If one or more challenges for cause are accepted, and all six peremptory challenges are exercised, the court may decide to proceed with six or seven jurors.

J.     Trial Exhibits.

1.     Exhibits must be placed in three-ring binders indexed by exhibit number with tabs or dividers on the right side.  Counsel shall submit to the court an original and two copies of the binders.  The spine portion of the binder shall indicate the volume number **and** contain an index of each exhibit included in the volume.

2.     The court requires that the following be submitted to the Courtroom Deputy Clerk ("CRD") on the **first day of trial**.

a.     **Three (3) copies** of each party's **witness list** in the order in which the witnesses may be called to testify.

b.     **Three (3) copies** of the joint **exhibit list** in the form specified in Local Rule 16-6, which shall be sent in WordPerfect 9 (or above) or Word format to the chambers's e-mail box **no later than noon on the day before trial**.

c.    All of the exhibits (except those to be used for impeachment only), with official exhibit tags attached and bearing the same number shown on the exhibit list. Exhibit tags may be obtained from the Clerk's Office, located on the Main Street level of the courthouse at 312 North Spring Street.  Exhibits shall be numbered 1, 2, 3, etc., **not** 1.1, 1.2, etc.  The defense exhibit numbers shall not duplicate plaintiff's numbers.  If a "blow-up" is an enlargement of an existing exhibit, it shall be designated with the number of the original exhibit followed by an "A."

d.    The binder of **original exhibits** with the court's exhibit tags, yellow tags for plaintiff and blue tags for defendant, stapled to the front of the exhibit at the upper right-hand corner with the case number, case name and exhibit number placed on each tag.

e.    Two binders with a **copy** of each exhibit tabbed with exhibit numbers, as described above, for use by the court and the CRD.

f.    A three-ring binder containing a copy of all exhibits for use by witnesses.

3.    A copy of the exhibit list with all **admitted exhibits** will be given to the jury during deliberations.  Counsel shall review and approve the exhibit list with the CRD before the list is given to the jury.

4.    Where a significant number of exhibits will be admitted, the court encourages counsel, preferably by agreement, to consider ways in which testimony about exhibits may be made intelligible to the jury while it is being presented.  Counsel should consider such devices as overhead projectors, jury notebooks for admitted exhibits or enlargements of important exhibits. The court has an Elmo and other equipment available for use during trial.  Information concerning training or the use of electronic equipment is available on the Central District's website.  The court does not permit exhibits to be "published" by passing them up and down the jury box.  Exhibits may be displayed briefly using the screens in the courtroom, unless the process becomes too time-consuming.

VI.    JURY TRIAL.

     A.    <u>Generally</u>.

On the first day of trial, court will commence at 9:00 a.m. and conclude at approximately 4:30 p.m., with two 15-minute breaks and a one-hour lunch break.  On the first day of trial, **counsel must appear at 8:30 a.m.** to discuss preliminary matters with the court.  Trial days are Monday through Wednesday and Friday from 9:00 a.m. to approximately 4:30 p.m., with two 15-minute breaks and a one-hour lunch break.

On the first day of trial, the jury panel will be called when the court is satisfied that the matter is ready for trial.  Jury selection usually takes only a few hours.  Counsel should be prepared to proceed with opening statements and witness examination immediately after jury selection.

     B.    <u>Advance Notice of Unusual or Difficult Issues</u>.

If any counsel have reason to anticipate that a difficult question of law or evidence will necessitate legal argument requiring research or briefing, counsel must give the court advance notice.  Counsel are directed to notify the CRD at the day's adjournment if an unexpected legal issue arises that could not have been foreseen and addressed by a motion in limine.  <u>See</u> Fed. R. Evid. 103.  Counsel must also advise the CRD at the end of each trial day of any issues that must be addressed outside the presence of the jury, so that there is no interruption of the trial. **The court will not keep jurors waiting**.

     C.    <u>Opening Statements, Examining Witnesses and Summation</u>.

        1.    Counsel must use the lectern at all times.

        2.    Counsel shall not discuss the law or argue the case in opening statements.

        3.    Counsel must not consume time by writing out words, drawing charts or diagrams, etc.  Counsel must prepare such materials in advance.

        4.    The court will honor (and may establish) reasonable time estimates for opening and closing arguments, examination of witnesses, etc.

     D.    <u>Objections to Questions</u>.

1.    Counsel must not use objections to make a speech, recapitulate testimony or attempt to guide the witness.

2.    Counsel must speak up when making an objection.  The acoustics in the courtroom make it difficult for all to hear an objection when it is being made.

3.    When objecting, counsel must rise to state the objection and state only that counsel objects and the legal ground of objection.  If counsel wishes to argue an objection further, counsel must ask for permission to do so.

E.    General Decorum.

1.    Counsel should not approach the CRD or the witness box, or enter the well of the court, without specific permission and must return to the lectern when the purpose for approaching has been accomplished.

2.    Counsel should rise when addressing the court, and when the court or the jury enters or leaves the courtroom, unless directed otherwise.

3.    Counsel should address all remarks to the court.  Counsel are not to address the CRD, the court reporter, persons in the audience or opposing counsel.  If counsel wish to speak with opposing counsel, counsel must ask permission to do so.  Any request for the re-reading of questions or answers or to have an exhibit placed in front of a witness shall be addressed to the court.

4.    Counsel should not address or refer to witnesses or parties by first names alone, with the exception of witnesses under 14 years of age.

5.    Counsel must not offer a stipulation unless counsel have conferred with opposing counsel and have verified that the stipulation will be acceptable.

6.    While court is in session, counsel must not leave the counsel table to confer with any person in the back of the courtroom unless permission has been granted in advance.

7.    Counsel shall not make facial expressions; nod or shake their heads; comment or otherwise exhibit in any way any agreement, disagreement or other opinion

or belief concerning the testimony of a witness. Counsel shall admonish their clients and witnesses not to engage in such conduct.

8.     Counsel should not talk to jurors at all, and should not talk to co-counsel, opposing counsel, witnesses or clients where the conversation can be overheard by jurors. Each counsel should admonish counsel's own clients and witnesses to avoid such conduct.

9.     Where a party has more than one lawyer, only one may conduct the direct or cross-examination of a particular witness, or make objections as to that witness.

10.     Water is permitted in the courtroom.  Food is not permitted in the courtroom.

F.     Promptness of Counsel and Witnesses.

1.     Promptness is expected from counsel and witnesses.  Once counsel are engaged in trial, this trial is counsel's first priority.  The court will not delay the trial or inconvenience jurors.

2.     If a witness was on the stand at a recess or adjournment, counsel who called the witness shall ensure the witness is back on the stand and ready to proceed when trial resumes.

3.     Counsel must notify the CRD in advance if any witness should be accommodated based on a disability or for other reasons.

4.     No presenting party may be without witnesses.  If a party's remaining witnesses are not immediately available and there is more than a brief delay, the court may deem that party to have rested.

5.     The court attempts to cooperate with professional witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be called out of sequence.  Counsel must anticipate any such possibility and discuss it with opposing counsel.  If there is an objection, counsel must confer with the court in advance.

G.     Exhibits.

1.     Each counsel should keep counsel's own list of exhibits and should note when each exhibit has been admitted into evidence (if not already admitted pursuant to the pretrial exhibit stipulation).

2.      Each counsel is responsible for any exhibits that counsel secures from the CRD and must return them before leaving the courtroom at the end of the session.

3.      An exhibit not previously marked should, at the time of its first mention, be accompanied by a request that it be marked for identification.  Counsel must show a new exhibit to opposing counsel before the court session in which it is mentioned.

4.      Counsel are to advise the CRD of any agreements with respect to the proposed exhibits and as to those exhibits that may be received without further motion to admit.

5.      When referring to an exhibit, counsel should refer to its exhibit number. Witnesses should be asked to do the same.

6.      Counsel must neither ask witnesses to draw charts or diagrams nor ask the court's permission for a witness to do so.  Any graphic aids must be fully prepared before the court session starts.

H.      Depositions.

1.      All depositions to be used at trial, either as evidence or for impeachment, must be lodged with the CRD **on the first day of trial or such earlier date as the court may order**.  Counsel should verify with the CRD that the relevant deposition is in the CRD's possession.

2.      In using depositions of an adverse party for impeachment, either one of the following procedures may be adopted:

a.      If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel shall first state the page and line where the reading begins and the page and line where the reading ends, and allow time for any objection.  Counsel may then read the portions of the deposition into the record.

b.      If counsel wishes to ask the witness further questions on the subject matter, the deposition shall be placed in front of the witness and the witness shall be told to read the relevant pages and lines silently.  Then counsel may: (a) ask the

witness further questions on the matter and thereafter read the quotations; or (b) read the quotations and thereafter ask further questions.  Counsel should have an extra copy of the deposition for this purpose.

3.     Where a witness is absent and the witness's testimony is offered by deposition, counsel may:  (a) have a reader occupy the witness chair and read the testimony of the witness while the examining lawyer asks the questions; or (b) have counsel read both the questions and answers.

I.     <u>Interrogatories and Requests for Admissions</u>.

Whenever counsel expects to offer a group of answers to interrogatories or requests for admissions extracted from one or more lengthy documents, counsel must prepare a new document listing each question and answer and identifying the document from which it has been extracted.  Copies of this new document should be given to the court and opposing counsel.

VII.    COMPLIANCE WITH THIS ORDER, THE LOCAL RULES AND THE FEDERAL RULES OF CIVIL PROCEDURE.

All parties and their counsel are ordered to become familiar with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California and the court's standing orders. The failure of any party or attorney to comply with the requirements of this Order, the Local Rules or the Federal Rules of Civil Procedure may result in sanctions being imposed.

/ / /

/ / /

/ / /

/ / /

Edmund Sotelo v. City of Oxnard, et al.
No. CV 13-6039 FMO (MRWx)

CASE DEADLINES

The court hereby enters the following scheduling order:

1.  Any stipulation or motion to amend as to any claims, defenses and/or parties shall be lodged/filed no later than **January 31, 2014**, failing which it shall be deemed that party's waiver of any such amendments in this action.  All "Doe" defendants are to be identified and named on or before **January 31, 2014**, on which date all remaining "Doe" defendants will be dismissed, unless otherwise ordered by the court upon a showing of good cause.

2.  All fact discovery shall be completed no later than **July 3, 2014**.

3.  All expert discovery shall be completed by **September 15, 2014**.  The parties must serve their Initial Expert Witness Disclosures no later than **July 15, 2014**.  Rebuttal Expert Witness Disclosures shall be served no later than **August 15, 2014**.  The parties should commence expert discovery shortly after the initial designation of experts, because Local Rules 7-3 and 37-1 require ample time to meet and confer as well as brief the matters, and because the final pretrial conference and trial dates will not be continued merely because expert discovery is still underway.

4.  The parties shall complete their settlement conference before the assigned Magistrate Judge no later than **September 15, 2014**.  Plaintiff's counsel shall contact the settlement officer, i.e., the assigned Magistrate Judge's deputy clerk, with enough time so that the settlement conference date is early enough to comply with the settlement completion deadline imposed by this court.  After obtaining available dates from the settlement officer, counsel for the parties shall confer with each other and select one of the proposed dates.  Plaintiff's counsel shall then advise the settlement officer of the settlement conference date selected by parties.  If the case settles, counsel shall file a Notice of Settlement no later than 24 hours after the case is settled, stating when they expect to file their dismissal papers.  Otherwise, **the parties must, no later than 48 hours after the settlement proceeding is completed, file a Status Report Re: Settlement**. The Status Report shall not disclose the parties' settlement positions, i.e., the terms of any offers or demands.  The Status Report shall describe the efforts made by the parties to resolve the

dispute informally, i.e., the occasions and dates when the parties participated in mediation or settlement conferences.  The Status Report shall also include the name of the Settlement Officer who assisted the parties with their settlement conference.

5.   Any motion for summary judgment and/or other potentially dispositive motion shall be filed no later than **October 15, 2014**, and noticed for hearing regularly under the Local Rules.  Any untimely or non-conforming motion will be denied.  *All potentially dispositive motions shall comply with the requirements set forth in the Court's Order Re:  Summary Judgment Motions issued contemporaneously with the filing of this Order.*  Each party is allowed one potentially dispositive motion.

6.   Counsel for the parties shall file a memorandum of contentions of fact and law; witness lists; a joint exhibit list; and motions in limine no later than **November 28, 2014**.

7.   Counsel for the parties shall file a proposed final pretrial conference order; a pretrial exhibit stipulation; proposed jury instructions (joint and disputed); proposed verdict forms; a joint statement of the case; proposed additional voir dire questions, if desired; and oppositions to motions in limine no later than **December 5, 2014**.

8.   The final pretrial conference and hearing on motions in limine is scheduled for **December 19, 2014**, at 10:00 a.m.

9.   Counsel for the parties shall file trial briefs not to exceed 15 pages no later than **January 6, 2015**.

10.   The trial is scheduled to begin on **Tuesday, January 13, 2015**, at 9:00 a.m.  On the first day of trial, **counsel must appear at 8:30 a.m.** to discuss preliminary matters with the court.  Dated this 30th day of December, 2013.

                                                    /s/
                                        Fernando M. Olguin
                                        United States District Judge