IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMUND SOTELO,<br>           Plaintiff,<br>    v.<br>CITY OF OXNARD,<br>           Defendant. | Case No.: CV13-6039 FMO (MRWx)<br><br>**PROTECTIVE ORDER**<br><br>Courtroom: 1<br>Discovery Cut-Off (Fact): 7/3/14<br>Discovery Cut-Off (Expert): 8/15/14<br>PTC : 12/19/14<br>Trial Date: 1/13/15<br><br>Complaint Filed: 8/26/13 |

**PROTECTIVE ORDER**

Pursuant to the stipulation of Plaintiff Edmund Sotelo ("Plaintiff") and Defendant City of Oxnard ("City, and together with Plaintiff, the "Parties"), and good cause appearing therefor, the Court hereby Orders as follows:

    1.    All documents containing private, confidential, privileged, or protected information, including information derived therefrom, produced by any party or third party in connection with this action, shall be designated as "CONFIDENTIAL." CONFIDENTIAL documents include, but are not limited to, personnel or other employment related files of City employees, investigative reports, transcripts, minutes, and any other information relevant to the subject

1 matter of this action.

2    2. The Parties shall label as "CONFIDENTIAL" any part of their production or responses that contain private, confidential, privileged or protected information as described in Paragraph 1, *supra*. If the first page of any multi-page document bears this label, then the entire document is deemed confidential, unless otherwise indicated by the producing party. The stamping of the label "CONFIDENTIAL" is for identification purposes only, and in the event that a document produced is inadvertently not stamped with the label "CONFIDENTIAL," such document is still subject to the provisions of this Protective Order.

3. Testimony taken at a deposition, hearing, or trial may be designated as "CONFIDENTIAL" by making a statement to that effect on the record at the deposition or proceeding to label such portions appropriately. Due to costs, the Parties shall not be required to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL."

4. Challenging Designation of Confidential Materials. At any time after receipt of documents labeled "CONFIDENTIAL," the receiving party may provide the producing party with a written objection to the classification of specific documents as prohibited from disclosure under this Protective Order and the basis for the receiving party's objection. Upon receipt of such a written objection, the producing party shall provide a written response to the receiving party within five business days. If the producing party does not agree with the position of the receiving party, the receiving party shall have the option of proceeding with a discovery motion, pursuant to Local Rule 37 *et seq.*, contesting the confidential nature of the disputed documents. The Parties shall comply with the meet and confer requirements of Local Rule 37 *et seq.* prior to the filing of any such motion.

5. All Confidential Information provided in accordance with this Order may be used for all proceedings in this matter only, including law and motion, trial

and/or appeal.  However, without limiting the above use, the dissemination of all such Confidential Information will be limited to the same individuals entitled to use/review such Confidential Information as stated herein.  The Court will retain jurisdiction to determine whether any Confidential Information may be used before the Court or in the Court.

6. CONFIDENTIAL information shall be viewed only by: (1) the Court and its staff; (2) the attorneys for the Parties, including their associates, clerks, and secretarial staff; (3) independent experts and consultants retained by Parties; (4) the Parties themselves; and (5) and other persons designated by agreement of the Parties so long as they have agreed in writing to be bound by this Protective Order.  Counsel for the Parties will advise their clients, consultants, experts and agents of the contents of this Protective Order.  In the event an individual does not consent to be bound by this Protective Order, no disclosure of CONFIDENTIAL information will be made to such individual.  The Court and its staff may review all matters, which pertain to the discussion of the CONFIDENTIAL information, including law and motion matters.  In the event that the Court rules that the CONFIDENTIAL information is admissible, then the Court and its staff, and/or jury may review said CONFIDENTIAL information in open court in order to determine issues before the Court.

7. Disclosure of CONFIDENTIAL information to the individuals in Paragraph 6, *supra*, shall be made only in connection with this subject litigation and shall not be published, disseminated, or shared with any third parties, the media, or otherwise used in connection with any other action or legal proceeding.

8. In the event that any CONFIDENTIAL information is used or referred to during the course of any court proceeding in this action, such CONFIDENTIAL information shall not lose its CONFIDENTIAL status through such use.

9. Those individuals authorized to review CONFIDENTIAL information in connection with this litigation are expressly prohibited from duplicating, copying

or otherwise distributing, disseminating, or orally disclosing the CONFIDENTIAL information for any purpose to any person or entity not permitted access herein.

10. Counsel for the Parties shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of CONFIDENTIAL information.

11. In the event that the terms of this Protective Order are violated, the Parties agree that the aggrieved party may immediately apply to this Court to obtain injunctive relief and sanctions against any person violating any of the terms of this Protective Order. This Court shall retain jurisdiction over the Parties for the purpose of enforcing this Protective Order, and the Court shall have the power to modify this Protective Order at any time and to impose whatever penalties it deems appropriate for the violation of this Protective Order. Any such request for injunctive relief and/or monetary sanctions must be made by a properly noticed motion and pursuant to statute.

12. This Protective Order, and the obligations of all persons thereunder, including those relating to the disclosure and use of CONFIDENTIAL information, shall survive the final termination of this case, whether by settlement, judgment, dismissal, appeal or otherwise, until further order of the court.

13. The Parties will preserve all such CONFIDENTIAL information and copies thereof, and will destroy them or return them to the producing party when this litigation is concluded.

14. Neither this Protective Order, nor the production of any information pursuant to the terms of this Protective Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

**IT IS SO ORDERED.**

Dated: April 1, 2014      By: _____
                          HON. MICHAEL R. WILNER
                          U. S. MAGISTRATE JUDGE

792845.4  OX020-043                                4
                                                  [PROPOSED] PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28